UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number: 16-21863-CIV-MARTINEZ-GOODMAN

ALPHONSINE VERNEUS,

    Plaintiff,

vs.

AXIS SURPLUS INSURANCE CO.,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THE MATTER** was referred to the Honorable Jonathan Goodman, United States Magistrate Judge, for a Report and Recommendation on Plaintiff's Motion to Enforce Payment of the Appraisal Award and Motion to Compel Payment of Interest Pursuant to Section 627.4265, Florida Statutes, and for Sanctions ("Motion to Enforce") (ECF No. 72), and Plaintiff's Motion for Leave to File First Amended Complaint to add Plaintiff's Ripe Bad Faith Claim and Assert a Claim for Punitive Damages Against Defendant ("Motion to Amend") (ECF No. 78). Magistrate Judge Goodman filed a Report and Recommendation (ECF No. 93), after conducting a 2.25-hour hearing on the Motions, recommending that the Motion to Enforce be denied, and the Motion to Amend be granted in part and denied in part. The Court has conducted a *de novo* review of the entire file and record.

Neither Plaintiff nor Defendant object to Judge Goodman's Report and Recommendation on the Motion to Enforce. (ECF No. 94 at 4; ECF No. 95 at 6). Defendant, but not Plaintiff, objects to Judge Goodman's Report and Recommendation regarding the Motion to Amend. (ECF No. 94 at 4). The Court briefly addresses the objections below.

Plaintiff's Motion to Amend seeks leave to add a bad faith claim under section 624.155, Florida Statutes, and leave to request punitive damages. (ECF No. 78; ECF No. 78-1 at 9–12; *see also* ECF No. 1-5 at 4–9). After conducting a thorough analysis, Judge Goodman recommended that Plaintiff be granted leave to add the bad faith claim but that Plaintiff's request to seek punitive damages be denied. (ECF No. 93 at 13–17). Defendant objects to the recommendation that Plaintiff be granted leave to add the bad faith claim, arguing that it lacked adequate notice under section 624.155(3), Florida Statutes. (ECF No. 94 at 4).

In her proposed amended complaint, Plaintiff alleges that Defendant, her surplus insurer, did not conduct a proper investigation of her claim before providing payment, refused to pay statutory interest, improperly inserted settlement language into its payments to Plaintiff, and improperly held Plaintiff's money. (*See* ECF No. 93 at 15; ECF No. 78-1 at 9–12). In response, Defendant argued that the civil remedy notices were not sufficiently specific to provide an opportunity to cure. (*See* ECF No. 93 at 15; ECF No. 87 at 8–12). The Court finds that Defendant had sufficient notice of Plaintiff's intent to bring a statutory bad faith claim and agrees with Judge Goodman's recommendation that Plaintiff should be granted leave to amend to add a Florida bad faith claim. The Court also agrees with Judge Goodman that Plaintiff did not allege any facts to support a claim for punitive damages; accordingly, Plaintiff will not be permitted to request this relief in her amended complaint.

In addition to the bad faith claim, Plaintiff's proposed amended complaint includes a count for breach of contract. Although Plaintiff asserted a claim for breach of contract in her initial complaint, the proposed amended complaint contains additional allegations regarding Defendant's alleged breach. (*Compare* ECF No. 78-1 at 6–8, *with* ECF No. 1-5 at 4–5). These new allegations, as they pertain to the breach-of-contract claim, were not mentioned in Plaintiff's Motion to Amend. *See* (ECF No. 78). Defendant contends that the issues raised in the proposed breach-of-contract

count "are exactly the same" as those raised in the Motion to Enforce. (ECF No. 94 at 5). In other words, Judge Goodman addressed and rejected allegations pertaining to Defendant's purported breach when considering the Motion to Enforce. This argument is well taken. The Court finds that Plaintiff must re-file a motion for leave to amend solely as to her breach-of-contract count that is consistent with Judge Goodman's findings in the Motion to Enforce, which are adopted by this Order.

Accordingly, after careful consideration, it is hereby **ADJUDGED** that United States Magistrate Judge Goodman's Report and Recommendation, (ECF No. 93), is **AFFIRMED** and **ADOPTED**.

It is further **ADJUDGED** that:

1. The stay is lifted. (ECF No. 48). The Clerk of Court is directed to **REOPEN** this case. The Court will issue a revised scheduling order by separate order.

2. Plaintiff's Motion to Enforce, (ECF No. 72), is **DENIED**.

3. Plaintiff's Motion to Amend, (ECF No. 78), is **GRANTED IN PART AND DENIED IN PART** as stated in Judge Goodman's Report and Recommendation, (ECF No. 93).

4. **On or before November 2, 2021**, Plaintiff shall re-file a motion for leave to amend solely as to her breach-of-contract claim, which is consistent with Judge Goodman's findings on the Motions adopted here. After the Court rules on Plaintiff's proposed amendment of her breach-of-contract claim, Plaintiff may file an amended complaint containing her bad faith claim.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th day of October, 2021.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Goodman
All Counsel of Record